CRICHTON, J.,
would grant and assigns reasons:
Jjl write separately to note that the writings from the composition journal recovered from the defendant’s bedroom and which bore defendant’s nickname, while offensive in nature, are material, relevant and probative as they appear to address defendant’s self-defense claims to his double homicide indictment. This Court has previously ruled that a trial court abused its discretion in excluding lyrics which had significant probative value to show the defendant’s authority and the extent of his *364 willingness to protect his territory. State v. Gray, 16-0977 (La. 5/24/16), 191 So.3d 1072; see also State v. Lewis, 16-1361 (La. 7/19/16), 195 So.3d 1206 (characterizing a defendant’s writings as “apparently prophetic”.). Thus, at trial, assuming a proper foundation, I believe these writings should be admissible under La. C.E. arts. 401 and 403 and in accord with prior recent jurisprudence.
I also believe that the trial court abused its discretion on severance of the other offenses. Those counts are based on acts or transactions connected together and constituting parts of a common scheme or plan, the parts of which scheme or plan allegedly led to the capital murder of two victims.
GUIDRY, J., would grant.
CLARK, J., would grant in part.
CRICHTON, J., would grant and assign reasons.